MAY 6

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TERRENCE LEE DZVONICK, | 2:10-cv-00598-RCJ-PAL |
| *Plaintiff*, | |
| vs. | ORDER |
| JPMORGAN CHASE *et al.*, | |
| *Defendants*. | |

Plaintiff Terrence Lee Dzvonick ("Plaintiff") brings before this Court an ex-parte application for a temporary restraining order (# 4). Plaintiff is pro se and brings this suit seeking to avoid eviction following the foreclosure of his residence. (Complaint, # 1; Motion # 4). It appears that Plaintiff also leased at least part of the property to a commercial entity, Jet Room, Inc. (Motion at 4:7–10, # 4). Jet Room filed for bankruptcy on December 9, 2009. While Jet Room was still in bankruptcy, Defendants finished foreclosure on Plaintiff's property, conducting the trustee's sale on February 5, 2010.

Plaintiff's request must be denied because it is without merit. Plaintiff claims that Defendants violated the automatic stay provision of the Bankruptcy Code, 11U.S.C. § 362, by foreclosing while his tenant, Jet Room, was in bankruptcy. There is no merit to this argument. The scope of the bankruptcy estate, as defined under 11 U.S.C. § 541, does not include real property in which the debtor does not have any ownership interest. The lease interest itself may be part of the bankruptcy estate, but a tenant's bankruptcy does not bar a lender from foreclosing

on the landlord for the landlord's default. The foreclosure involves the default of the landlord, not the tenant.

Accordingly, Plaintiff has failed to demonstrate any meritorious grounds for granting a temporary restraining order in this case.

IT IS HEREBY ORDERED THAT Plaintiff's request for a temporary restraining order (#4) is DENIED.

Dated: This 6th day of May, 2010.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE