# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| TERRANCE LEE DZVONICK, | ) | Case No.: 2:10-cv-00598-GMN-PAL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| JPMORGAN CHASE, its successors | ) | |
| and/or assigns, and/or successors in | ) | |
| interest, WASHINGTON MUTUAL, its | ) | |
| successors and/or assigns, NATIONAL | ) | |
| ASSOCIATION, its successors and/or | ) | |
| assigns, and/or successors in interest, | ) | |
| NEVADA LEGAL NEWS, and all | ) | |
| undisclosed mortgage aggregators | ) | |
| (wholesalers), mortgage originators, loan | ) | |
| sellers(s), Trustee of pooled and/or bundled | ) | |
| assets, trustee for holders of certificate of | ) | |
| collateralized mortgage obligations, DOES | ) | |
| 1-100, INCLUSIVE, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Before the Court is Plaintiff's Motions for Temporary Restraining Order (ECF No. 12) and Preliminary Injunction (ECF No. 13). Defendants filed a response to the two motions on July 1, 2010 (ECF No. 16).

IT IS HEREBY ORDERED that Plaintiff's Motions for Temporary Restraining Order (ECF No. 12) and Preliminary Injunction (ECF No. 13) are DENIED.

## FACTS AND BACKGROUND

Plaintiff obtained a loan from Washington Mutual Bank, on or about September 26, 2006, in the amount of $2,590,000.00. The loan was secured by the property located

at 4982 Shirley Street, Las Vegas, Nevada 89119 ("Property").  Sometime thereafter, Plaintiff failed to make the mortgage payments.  A notice of default and election to sell under Chapter 107 of the Nevada Revised Statues was issued and the eventual non-judicial foreclosure sale took place in February, 2010.  A trustee's deed was then issued and recorded.

Plaintiff first filed suit in state court.  Subsequently, Plaintiff filed an ex parte motion for a temporary restraining order and for a preliminary injunction on February 24, 2010.  An evidentiary hearing was conducted and the court denied plaintiff's motion. (Defendant's Ex. D, ECF No. 17-3).  The Nevada State Court ruled that the *lis pendens* filed by Plaintiff should be expunged on April 22, 2010.  Plaintiff then filed suit in the United States District Court, District of Nevada on April 26, 2010.  Immediately thereafter, Plaintiff again filed an ex parte motion for a temporary restraining order and for a preliminary injunction. (ECF No. 3 & 4).  Again the court denied both motions. (ECF No. 7 & 8).

The plaintiff now files a third request for a temporary restraining order and for a preliminary injunction (ECF No. 12 & 13).  The two motions were filed ex parte and were not served on Defendants.  The Court entered an order for the Plaintiff to either serve the defendants with copies of the motion or file a supplemental pleading as to why ex parte consideration is appropriate. (ECF No. 15).  Plaintiff has done neither. However, Defendant, JPMorgan Chase ("Chase") was able to discover this action and did file a response (ECF No. 16).

## DISCUSSION

### A.    Legal Standard

Under Fed. R. Civ. P. 65(b), plaintiffs must make a showing that immediate and irreparable injury, loss or damage will result to plaintiff if the order is not issued to

support their motion for a temporary restraining order. Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order."). The standard for obtaining *ex parte* relief under Rule 65 is very stringent. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

The Ninth Circuit in the past set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.*

The Supreme Court recently reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is "*likely*," not just possible. *Winter v. NRDC*, 129 S. Ct. 365, 37476 (2008) (rejecting the Ninth Circuits alternative "sliding scale" test). The Supreme Court has made clear that a movant must show both "that he

is *likely* to succeed on the merits [and] that he is *likely* to suffer irreparable harm in the absence of preliminary relief . . . ." *Winter*, 129 S. Ct. at 374 (citing *Munaf v. Geren,* 128 S. Ct. 2207, 2218–19 (2008); *Amoco Prod. Co. v. Gambell,* 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311–12 (1982)) (emphases added).

**B.    Analysis**

Parties in Nevada are allowed to conduct a non-judicial foreclosure pursuant to Nevada Revised Statute § 107.080(2)(b).   A deed of trust, an instrument used to secure a promissory note given for a real property loan, gives the creditor a lien on the secured property to satisfy the obligation under the note if it is not paid. NRS § 107.020; § 107.080.  Upon the default of a borrower, and a failure to cure, non-judicial foreclosure is proper.  NRS § 107.080.

Plaintiff signed the Note and Deed of Trust and agreed that if he defaulted, the Property was subject to a non-judicial foreclosure.  Plaintiff does not allege that he did not default on his payments or that he cured the default.  Instead, Plaintiff argues that Chase must produce the original promissory note before it can conduct a non-judicial foreclosure sale.  In the complaint, Plaintiff alleges, that Defendant did not produce an original copy of the promissory note at the evidentiary hearing in State court.   Plaintiff does not present any authority that in Nevada there is a requirement to present the original note for non-judicial foreclosure proceedings.  Plaintiff does not claim that he did not default or cure the default.  Further, Plaintiff has given no authority or evidence that his legal argument, claiming that Defendant is not the holder in due course because it has not presented the original promissory note, is valid.  Accordingly, Plaintiff has not shown that he will likely succeed on his claims.

Plaintiff argues that he will be irreparably harmed if he is not given injunctive relief because he stands to lose an interest in land due to the foreclosure sale.  There is a

possibility of irreparable injury via foreclosure, because although Plaintiff could still recoup monetary damages, equitable relief would be unavailable if the real estate were transferred to a bona fide purchaser.

It is Plaintiff's burden to satisfy the Ninth Circuit's four part test for a TRO. *See Taylor* 488 F.3d at 1200.   While factor two, irreparable injury may lay in Plaintiff's favor, it does not overcome the weakness of Plaintiff's claims.  Furthermore, Plaintiff has not demonstrated how the burden of hardships is in his favor or how public policy favors injunctive relief.   The Court will not make inferences for the Plaintiff and thus finds that these two factors do not establish the proof necessary to issue a TRO.  Accordingly, the Court denies Plaintiff's TRO motion.

## **CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motions for Temporary Restraining Order (ECF No. 12) and Preliminary Injunction (ECF No. 13) are DENIED.

DATED this 12th day of November, 2010.

_____
Gloria M. Navarro
United States District Judge