**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TERRANCE LEE DZVONICK,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE,<br><br>　　　　　　　　　Defendant. | Case No. 2:10-cv-0598-GMN-PAL<br><br>**ORDER**<br><br>(Mtn for Sanctions - Dkt. #30) |

　　　This matter is before the court on Plaintiff Terrance Lee Dzvonick's Motion for Sanctions Against the Defendants for Federal Code Violations (Dkt. #30) filed March 13, 2012. The court has considered the Motion.

　　　Plaintiff filed the Complaint (Dkt. #1) in this case on April 26, 2010, and amended it on June 25, 2012. *See* Amended Complaint (Dkt. #14). His Amended Complaint alleges that he obtained a loan from Washington Mutual Bank on September 26, 2006, secured by property located at 4982 Shirley Street, Las Vegas, Nevada, 89119 (the "Property"). Subsequently, Plaintiff defaulted on his mortgage payment, and eventually, the Property was sold at a non-judicial foreclosure sale in February, 2010. On September 6, 2011, Defendants Washington Mutual, National Association, and Nevada Legal News under Rule 4(m) of the Federal Rules of Civil Procedure for failure to effect timely service. There is currently a Motion to Dismiss (Dkt. #23) and a Motion to Expunge Lis Pendens (Dkt. #24) under submission to the district judge.

　　　The instant Motion requests an order entering sanctions against Defendants for failing to respond to questions he presented in a qualified written request ("QWR"). He contends Defendants did not acknowledge they received the QWR as required by 12 U.S.C. 2605(e)(1)(A) and Reg. X. § 3500.21(e)(1). Plaintiff makes various claims concerning Defendants' "lack of standing in this court"

and "lack of standing in the Note and Deed of Trust," contending Defendants did not have authority to foreclose on the Property. Plaintiff believes the Note was securitized and sold to a Wall Street investment company, and Defendants could not have acquired the Note from the FDIC. He contends the only way to prove Defendants did not own the Note and Deed of Trust is to receive responses to his QWR. He resent the QWR on March 8, 2012. He requests expedited responses to the QWR, along with leave to amend the Complaint after he receives information from Defendants.

Plaintiff is correct that 12 U.S.C. § 2605 allows a borrower to send a QWR to his loan servicer, including his account number and a statement of the reasons he believes his account is in error. Alternatively, the request may also seek other information, provided the borrower states sufficient detail regarding that information. 12 U.S.C. § 2705(e)(1)(B). The servicer is then required, within sixty days, to make appropriate corrections to the borrower's account and send the borrower notification of any corrections. Additionally, after conducting an investigation, the servicer must send a written explanation to the borrower that includes a statement of reasons the account is correct, the name of the person at the servicer's place of business who can assist the borrower, and the information requested by the borrower or an explanation why the information cannot be obtained by the servicer. 12 U.S.C. § 2705(e)(2).

Plaintiff's Motion, however, is a procedurally-flawed attempt to assert an additional claim against Defendant JPMorgan Chase for an alleged violation of 12 U.S.C. § 2605(e). Plaintiff cannot raise a new legal cause of action against a Defendant by motion. If he wants to bring another claim against Defendant, he must seek leave of court to file a second amended complaint pursuant to Rule 15(a)(2) because Defendant JPMorgan Chase has filed a responsive pleading. *See* Motion to Dismiss (Dkt. #23).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Sanctions (Dkt. #30) is DENIED.

Dated this 22nd day of March, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE