UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Terrance Lee Dzvonick,      )<br>                          )<br>           Plaintiff,    )<br>    vs.                   )<br>                          )<br>JP Morgan Chase,           )<br>                          )<br>           Defendant.     )<br>_____) | Case No.: 2:10-cv-00598-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 23) and the Motion to Expunge Lis Pendens (ECF No. 24) filed by Defendant JP Morgan Chase Bank, N.A., for itself and as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, acting as Receiver ("Chase").

### I. PROCEDURAL HISTORY

Plaintiff filed his initial Complaint (ECF No. 1) before this Court on April 26, 2010, along with a Notice of Lis Pendens (ECF No. 2) and an Ex Parte Motion for Temporary Restraining Order (ECF No. 4), which was denied on May 6, 2010 (Order, ECF No. 7). Plaintiff's First Amended Complaint (ECF No. 14) was filed on June 25, 2010, along with another Motion for Temporary Restraining Order (ECF No. 12) and Motion for Preliminary Injunction (ECF No. 13). The Court denied the motions on November 12, 2010. (Order, ECF No. 18.)

In the First Amended Complaint, Plaintiff named as Defendants "JP Morgan Chase, its successor and/or assigns, and/or successors in interest, Washington Mutual, its successor and/or assigns, National Association, its successor and/or assigns, and/or successors in interest, Nevada Legal News, and all undisclosed mortgage aggregators (wholesalers), mortgage originators, loan seller(s), Trustee of pooled and/or bundled

assets, trustee for holders of certificate of collateralized mortgage obligations, DOES 1-100, inclusive." (ECF No. 14.)  On September 6, 2010, the action was dismissed as to Defendants Washington Mutual, National Association, and Nevada Legal News pursuant to Federal Rule of Civil Procedure 4(m). (Order, ECF No. 22.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n*., 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept*., 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints"

should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).  Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**III. DISCUSSION**

First, the Court agrees with Defendant that service does not appear to have been properly effected, and that dismissal pursuant to Federal Rule of Civil Procedure 4(m) would have been appropriate.

Also, on February 2010, Plaintiff filed an action in the Eighth Judicial District Court, Clark County, Nevada, *Dzvonick v. Chase Bank*, Case No. A-10-610522-C (2010). (Ex. A to Mot. to Dismiss, ECF No. 23.) That case was litigated to final judgment, and Plaintiff's complaint here is substantively similar to the instant complaint. (*See id.*; First Am. Compl., ECF No. 14.) Accordingly, this Court finds that Plaintiff's claims are also subject to dismissal because they are barred by the doctrines of *res judicata* and of issue and claim preclusion.

Finally, the Court finds that Plaintiff's second attempt at stating a claim with his First Amended Complaint fails to satisfy the pleading standards of Federal Rule of Civil Procedure 12(b)(6) and Rule 8(a). Accordingly, the Court finds that Plaintiff's complaint is also subject to dismissal on these grounds.

Therefore, having reviewed the briefs of the parties, and for the reasons stated above and in Defendant's motion, Plaintiff's complaint will be dismissed, with prejudice.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss and Motion to Expunge Lis Pendens (ECF Nos. 23, 24) (ECF No. 23) are **GRANTED**. Plaintiff's Complaint is dismissed. The Clerk shall enter judgment accordingly.

DATED this 18th day of December, 2012.

_____
Gloria M. Navarro
United States District Judge